IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY E. EDMONDSON, | * |
| Plaintiff, | * |
| v. | * Civil Case No. 16-3938-SAG |
| EAGLE NATIONAL BANK, *et al.*, | * |
| Defendants. | * |

************

## MEMORANDUM OPINION

On December 8, 2016, Plaintiff Mary E. Edmondson ("Edmondson") filed a one-count class action Complaint against Defendants Eagle National Bank, Eagle Nationwide Mortgage Company, Eagle National Bancorp, Inc., ESSA Bancorp, Inc., and ESSA Bank & Trust (collectively "Defendants"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"). ECF 1. Edmondson now seeks leave to amend her complaint to modify the putative class definition and to add additional plaintiffs and class representatives ("the Motion"). ECF 48. I have reviewed the Motion, along with Defendants' Opposition and Edmondson's Reply. ECF 49, 51. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Edmondson's Motion will be granted.

I. PROCEDURAL BACKGROUND

As noted above, this case commenced in late 2016. ECF 1. Defendants filed a motion to dismiss the Complaint on March 27, 2017. ECF 11. Once the motion was fully briefed, United States District Judge Richard D. Bennett held a motions hearing on January 16, 2018 (over one year after the Complaint had been filed), and issued an order granting the Motion to Dismiss on January 29, 2018. ECF 24-27. An appeal ensued. ECF 28. On April 26, 2019, the United States

1

Court of Appeals for the Fourth Circuit entered judgment reversing the district court's decision and remanding the case for further proceedings. ECF 33 at 6. Judge Bennett issued a Scheduling Order on June 27, 2019. ECF 35. The parties jointly requested modifications to the Scheduling Order on July 10, 2019, and Judge Bennett approved the parties' requested schedule on July 12, 2019. ECF 38, 39. According to the schedule the parties jointly requested, the deadline for "Moving for Joinder of Additional Parties and Amendment of Pleadings" was November 1, 2019. ECF 39 at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

## III. ANALYSIS

Defendants asserts that two of the three grounds for denying a motion for leave to amend are present in this case. First, Defendants assert that they will be prejudiced if the Court grants Edmondson leave to amend. ECF 49 at 7-10. Second, Defendants claim that Edmondson brings her proposed amendments in bad faith. *Id.* at 10-11. Each argument is addressed in turn.

2

*A.     Prejudice*

Prejudice is "[p]erhaps the most important factor" to consider in ruling on a motion for leave to amend a complaint. *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. SAG-16-3431, 2018 WL 5785664, at *3 (D. Md. Nov. 5, 2018) (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010)). Prejudice is "often determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. An amendment can cause undue prejudice when it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510 (citations omitted). Conversely, a proposed amendment carries little prejudice "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis*, 615 F.2d at 613).

Defendants argue that they would suffer prejudice because the class certifications and discovery deadlines will need to be modified if the Complaint is amended. ECF 49 at 9-10. That argument is unpersuasive. First, given the nature of this litigation, and the fact that Edmondson seeks to add only one couple as Plaintiffs and class representatives, it is unclear that any material alterations to the Scheduling Order will be required by the change. Defendants have not identified any particular additional discovery that will be required to accommodate the proposed amendments. Even if some change is required, as the Fourth Circuit explained in *Scott v. Family Dollar Stores, Inc.*, "[A]lthough prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.'" 733 F.3d 105, 118-19 (4th Cir. 2013) (quoting *Johnson*, 785 F.2d at 510). No trial

3

date has even been set in this case. Second, Defendants' repeated contention that Edmondson seeks this amendment "almost three years after this action was filed," ECF 49 at 9, inaccurately portrays the suit's procedural posture. As described above, the active litigation occurring to date has been minimal, and most of the three-year period was spent waiting for rulings from either the trial court or the appellate court. Discovery did not commence until this past summer, and Plaintiff's motion seeking leave to amend was filed before the parties' agreed deadline for such amendments. *See* ECF 39 at 1. In light of those facts, Defendants' unsupported assertion of "prejudice" is unpersuasive.

> B. Bad Faith

Defendants also argue that leave to amend should be denied because Edmondson is acting in bad faith "by seeking to roll out new putative class representatives and amend the class period at this late stage when such could have been pleaded years ago." ECF 49 at 10.

This argument is unpersuasive. Courts typically find that a party acts in bad faith in bringing a motion for leave to amend, for example, when their amendment fails to "advance a colorable legal argument." *McCall-Scovens v. Blanchard*, No. ELH-15-3433, 2016 WL 6277668, at *8 (D. Md. Oct. 27, 2016); *see Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (finding that a party acted in bad faith by seeking leave to amend "to artificially inflate his damages in order to obtain subject matter jurisdiction"). Furthermore, the earlier in the case the motion for leave to amend is brought, the less likely it is that the motion is brought in bad faith. *See Laber*, 438 F.3d at 427. No bad faith indicators are present here, particularly given that leave to amend was sought before the deadline agreed by the parties. *See* ECF 39 at 1.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend, ECF 48, is GRANTED. A separate Order is filed herewith.

Dated: December 6, 2019

/s/
Stephanie A. Gallagher
United States District Judge